# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES M. HART,
               Appellant,

        v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
CH-0752-13-3804-I-1

DATE: February 5, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>James M. Hart</u>, Loogootee, Indiana, pro se.

<u>Karen Barrows</u>, Esquire, Rock Island, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his furlough. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a GS-12 Quality Assurance Specialist with the Department of the Army's Joint Munitions Command (JMC), was furloughed without pay for 6 days during the summer of 2013 in connection with cost-cutting measures imposed by the Secretary of Defense in response to the President's order of sequester that began on March 1, 2013. Initial Appeal File (IAF), Tab 1 at 4, 6-9, 12-13, 16-17. On appeal, the appellant challenged the action, arguing that other employees were "unfairly exempted" from the furlough, that he should have been exempted because he was paid through Working Capital Funds (WCF), that no revenue would be saved by furloughing him, that certain individuals worked overtime during the furlough period while he and others were not permitted to do so, and that the loss in pay would have a significant impact on his finances. *Id.* at 14-17. He requested a hearing. *Id.* at 2.

¶3        Thereafter, the administrative judge issued an initial decision in which she affirmed the agency's action. IAF, Tab 14, Initial Decision (ID) at 1, 11. She found that the appellant did not dispute that the Department of Defense (DOD) faced a $30 billion shortfall in its budget designated for Operation and Maintenance for the second half of fiscal year 2013; that the agency offered evidence to show that the furloughs, along with other measures, helped compensate for the deficit; that, therefore, the agency proved that the furlough

was for cause that promoted the efficiency of the service; and that the agency also showed that it furloughed employees in a fair and even manner. ID at 4-6. The administrative judge next considered, but found unavailing, the appellant's claims that the furlough was not necessary, ID at 6-7; that he should have been exempted from it, ID at 7; that the agency and DOD could have sought alternatives to the furlough, ID at 7-9; and that consideration should have been given to the personal hardship he suffered because of the furlough, ID at 9. The administrative judge also rejected the appellant's claim that he was denied due process and/or that the agency committed harmful procedural error in carrying out the furlough. ID at 9-11.

¶4        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition. PFR File, Tab 3.

¶5        On review, the appellant argues, as he did below, that the use of overtime during a furlough is a direct contradiction of what a furlough represents and that certain employees were permitted to work overtime during the furlough, whereas his request to work overtime was denied by his program manager. PFR File, Tab 1 at 8-9. An agency's decision to award certain employees overtime pay may be relevant to whether the agency applied the furlough uniformly and consistently. Specifically, evidence that the agency used overtime payments to relieve certain employees but not others of the financial consequences of the furlough may be sufficient to show that the furlough did not meet the efficiency of the service standard. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 14 (2013).

¶6        Here, the administrative judge considered the hearing testimony of the agency's designated deciding official, Deputy to the Commander, U.S. Army JMC, to the effect that no overtime was authorized unless the request was submitted to her in advance for her approval, and that she approved overtime only for mission-critical work, with no knowledge of the identity of the employee who was the subject of the request. ID at 5. The Board has found that an agency's

decision to adopt a policy under which it permitted the use of overtime to meet mission-critical needs is a spending matter within the agency's sound discretion. *Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 13 (2014); *Chandler*, 120 M.S.P.R. 163, ¶ 14; *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 10 (2013), *aff'd sub nom. Berlin v. Department of Labor*, 772 F.3d 890 (Fed. Cir. 2014). To the extent the appellant disputes the agency's definition of mission-critical work, such decisions about structuring the furlough are within the agency's discretion and are not subject to the Board's review. *Chandler*, 120 M.S.P.R. 163, ¶ 36. That is so, notwithstanding the appellant's claim that he was not informed about the approval process for overtime. PFR File, Tab 1 at 9.

¶7 In this regard, the appellant repeats his claim that the overtime documents were altered to reflect that the deciding official, rather than the Command, had ultimate approval authority over the requests. *Id*. at 10. The administrative judge construed the appellant's claim as one of harmful error, finding that the alteration of the forms did not constitute an error and that, even if it did, the appellant did not show that the decision to furlough him or grant him overtime would have been different if the forms had been reprinted. ID at 10-11. The appellant has not, on review, shown, or even alleged, any harmful error regarding the overtime form, and, thus, we see no reason to disturb the administrative judge's determination on this issue. 5 C.F.R. § 1201.56(c)(3).

¶8 The appellant also claims on review that temporary employees should have been laid off in lieu of furloughing permanent employees. PFR File, Tab 1 at 9-10. As noted, however, the Board will not review every spending decision to determine whether it was wise or whether a particular choice should have been forgone in order to save funds to avoid furloughs. *Avery*, 120 M.S.P.R. 150, ¶ 10; *Chandler*, 120 M.S.P.R. 163, ¶ 14.

¶9 Asserting that the decision to furlough was made at the JMC level, the appellant contends that the agency should have been required to prove that the furlough was an effective tool in lowering costs at that level. PFR File, Tab 1 at

10.  To the extent the appellant is suggesting that the efficiency of the service standard should be considered at the JMC level, his argument is misplaced.  The JMC is a part of the Department of the Army, which operates under the authority, direction, and control of the Secretary of Defense.  *See* 10 U.S.C. § 3011.  Therefore, even if the JMC had adequate funding to avoid the furloughs, it was reasonable for DOD to consider its budget situation holistically, rather than isolating the situations of individual departments or subunits thereof.  *Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014).

¶10    Finally, the appellant argues on review, as he did below, that, because his position was funded through WCF, he should have been exempted from the furlough.  PFR File, Tab 1 at 10.  Citing the Board's decision in *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 18 (2015), the administrative judge found that the Secretary of Defense has authority to establish and oversee defense WCF, that such employees are not exempted from furloughs, and that, given the financial constraints posed by sequestration, the Secretary of Defense was entitled to furlough WCF employees.  ID at 7.  Following the issuance of the initial decision, our reviewing court affirmed the Board's decision in *Einboden*, *Einboden v. Department of the Navy*, 802 F.3d 1321, 1325-26 (Fed. Cir. 2015), and therefore the appellant's claim regarding any significance to the furlough due to the fact that his position was funded through WCF must fail.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.